**E-filed 12/4/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MARIA ELENA MENDOZA FARSHEEDI,<br><br>          Debtor.<br>_____<br>BAD BOYS BAIL BONDS, INC.,<br><br>          Plaintiff,<br><br>          v.<br><br>MARIA ELENA MENDOZA FARSHEEDI,<br><br>          Defendant. | Case Number C 09-3888 JF<br><br>ORDER[1] DENYING MOTION FOR LEAVE TO APPEAL |

    In this adversary proceeding, Plaintiff Bad Boy Bail Bonds, Inc. ("Bad Boy") alleges that Debtor Maria Elena Mendoza Farsheedi ("Farsheedi") fraudulently induced Bad Boy to post a $200,000 bail bond for her son, Ardalan Farsheedi ("Ardalan"). Ardalan apparently failed to appear at a scheduled criminal court date, thus causing the forfeit of the bail bond.

    In the course of discovery relating to the adversary proceeding, Bad Boys subpoenaed

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-3888 JF
ORDER DENYING MOTION FOR LEAVE TO APPEAL
(JFLC2)

Farsheedi's cellular telephone records from third party T-Mobile, Inc. ("T-Mobile"). Following T-Mobile's refusal to provide the records without Farsheedi's consent, Bad Boys sought to compel T-Mobile to produce the records. On August 3, 2009, the Bankruptcy Court issued an order ("August 3 Order") denying the motion to compel, holding that T-Mobile is a wireless telecommunications provider covered under Public Utilities Code § 2891, which prohibits any "telephone or telegraph corporation" from disclosing telephone records "without first obtaining the residential subscriber's consent." Cal. Pub. Util. Code § 2891(a). Because it concluded that none of the statute's enumerated exceptions to the written consent requirement applied, *see* Cal. Pub. Util. Code § 2891(d), the Bankruptcy Court held that T-Mobile properly refused to comply with the subpoena and that in fact T-Mobile was entitled to recover the reasonable expenses incurred in opposing Bad Boys' motion to compel.

Bad Boys seeks leave to appeal the August 3 Order pursuant to 28 U.S.C. § 158(a), which confers upon district courts the jurisdiction to hear appeals from final orders of bankruptcy courts, and gives district courts discretion to hear appeals from interlocutory orders of bankruptcy courts.[2] T-Mobile opposes the motion. Farsheedi has not filed a response to the motion.

As an initial matter, the Court notes that there is a dispute between the parties as to whether the August 3 Order is a final order or an interlocutory order. "Ordinarily, a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Bonham v. Compton (In re Bonham)*, 229 F.3d 750, 761 (9th Cir. 2000) (internal quotation marks and citation omitted). Moreover, "[b]ecause of the strong policy against hearing appeals piecemeal during the course of a judicial proceeding, the general rule is that an order regarding discovery is not an appealable final order." *Newton v. National Broadcasting Co., Inc.*, 726 F.2d 591, 592 (9th Cir. 1984). Applying these standards, the August 3 Order clearly is interlocutory.

---

[2] Bad Boys has elected to file its motion for leave in this Court rather than before the Bankruptcy Appellate Panel ("BAP"). *See* 28 U.S.C. § 158(c)(1) (providing that appeals of bankruptcy orders shall be heard by the BAP unless a party elects to have the appeal heard by the district court).

1    Bad Boys correctly points out that the Ninth Circuit has "adopted a pragmatic approach to
2    finality in bankruptcy because certain proceedings in a bankruptcy case are so distinctive and
3    conclusive either to the rights of individual parties or the ultimate outcome of the case that final
4    decisions as to them should be appealable as of right." *Bonham*, 229 F.3d at 761 (internal
5    quotation marks and citation omitted).  This "pragmatic approach" focuses on "the need for
6    immediate review, rather than whether the order is technically interlocutory." *Id*.  Under this
7    approach, an order is considered to be final and appealable if it both (1) resolves and seriously
8    affects substantive rights, and (2) finally determines the discrete issue to which it is addressed.
9    *Id*.  Bad Boys speculates that the cellular telephone records at issue might show that Farsheedi
10   was in contact with Ardalan, which would support Bad Boys' theory of a conspiracy between
11   Farsheedi and Ardalan.  Bad Boys' speculation is insufficient to demonstrate that the August 3
12   Order seriously affects Bad Boys' substantive rights; at most, the Order precluded Bad Boys from
13   pursuing one avenue of discovery that *might* have resulted in evidence to support its claims
14   against Farsheedi.  Accordingly, Bad Boys has failed to establish that the August 3 Order is final
15   and thus appealable.

16   Leave to appeal an interlocutory order may be granted if "refusal would result in wasted
17   litigation and expense, the appeal involves a controlling question of law as to which there is a
18   substantial ground for difference of opinion, and an immediate appeal would materially advance
19   the ultimate termination of the litigation." *In re NSB Film Corp.*, 167 B.R. 176, 180 (BAP 9th
20   Cir. 1994).  Appeal of the August 3 Order may involve a question of law as to which there is a
21   substantial ground for differences of opinion, as the law does not appear to be settled with respect
22   to the application of Cal. Pub. Util. Code § 2891 to cellular telephone providers.  However, it is
23   not at all clear that refusal to entertain the appeal would result in wasted litigation and expense,
24   that the issue presented by the proposed appeal is "controlling" question of law with respect to
25   this case, or that an immediate appeal would materially advance resolution of the litigation.

26
27
28

3

Case No. C 09-3888 JF
ORDER DENYING MOTION FOR LEAVE TO APPEAL
(JFLC2)

**ORDER**

Accordingly, Bad Boys' motion for leave to appeal the August 3 Order is DENIED.

DATED:  December 4, 2009

_____
JEREMY FOGEL
United States District Judge

1    Copies of this Order were served upon the following persons:

3    Dennis Patrick Fitzpatrick     dpf.esq@sbcglobal.net

4    Troy Philip Sauro     tsauro@perkinscoie.com, lalcorn@perkinscoie.com

5    Maria Elena Mendoza Farsheedi
     3480 Granada Avenue, Apt 277
6    Santa Clara, CA 95051-3447